In the Matter of GEORGE P. HALPERIN et al., Appellants, against JOSEPH J. CAPUTA, as State Rent Administrator, Respondent. 969 REALTY COMPANY, Intervenor-Respondent.

First Department, April 12, 1960.

*Lewis M. Isaacs, Jr.,* of counsel (*Murray Schwartz* with him on the brief; *M. S. & I. S. Issacs,* attorneys), for appellants.

*Emory Gardiner* of counsel (*Harold Zucker,* attorney), for respondent.

*Robert S. Fougner* of counsel (*McLaughlin & Fougner,* attorneys), for intervenor-respondent.

McNALLY, J. In an article 78 proceeding, petitioners appeal from an order dismissing their petition to review and annul an order of the State Rent Administrator in a protest proceeding granting the protest of the intervenor and increasing the maximum rents of the premises here involved.

The premises consist of 969 Park Avenue and 107 East 82nd Street, County of New York. 969 Park Avenue is a 13-story elevator building containing approximately 80 apartments. 107 East 82nd Street is a 3-story walk-up with nine apartments. The average monthly room rental for apartments in both buildings is approximately $50.

The intervenor acquired the premises on July 1, 1957. On September 9, 1957 the intervenor verified a petition for an increase in maximum rent pursuant to subdivision 5 of section 33 of the State Rent and Eviction Regulations alleging that the intervenor was "maintaining and will continue to maintain all essential services", which petition was filed in the office of the Temporary State Housing Rent Commission on September 13, 1957. Answers to the petition and the intervenor's reply thereto were duly filed and proceedings thereafter had which resulted on April 28, 1958 in the order of the Local Rent Administrator denying the petition.

On May 26, 1958 the intervenor initiated a protest proceeding which terminated on August 26, 1958 in an order denying the same. Thereupon, the intervenor commenced an article 78 proceeding to review the order denying its protest. On December 2, 1958 the said article 78 proceeding was remitted to the State Rent Administrator for further proceedings. On January 16, 1959 the State Rent Administrator entered an order reopening the protest proceedings. On June 29, 1959 the State Rent Administrator issued the order which is the subject of the instant article 78 proceeding.

The last described order vacated the prior order of the State Rent Administrator which had denied the intervenor's protest and granted an increase in maximum rents which, in part, is made retroactive to November 2, 1957.

This record does not support the retroactivity to November 2, 1957 of the increase in maximum rents herein. The intervenor's application was verified September 9, 1957 and was filed September 13, 1957. The order of the Local Rent Administrator denying the application was issued April 28, 1958. The order of the State Rent Administrator granting the intervenor's protest issued on June 29, 1959 speaks as of April 28, 1958, the date of the Local Rent Administrator's determination. (*Matter of Neulist* v. *Weaver*, 2 A D 2d 530; *Levy* v. *1165 Park Ave. Corp.*, 280 App. Div. 912, affd. 305 N. Y. 607.) This assumes the requisite findings as to compliance with the statutory requirement of the maintenance of essential services.

Prior to June 30, 1957 the State Residential Rent Law proscribed effectiveness of any change in maximum rent before the date of issuance of the order therefor. Retroactivity antedating the order of the Local Rent Administrator issued April 28, 1958 apparently is grounded upon subdivision 6 of section 4 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1957, ch. 755, eff. June 30, 1957). The relevant part of the statute is as follows: " No increase or decrease in maximum rent shall be effective prior to the date on which the order therefor is issued, if such order is issued within two months after the date of the filing of the application for the increase or decrease. In the event such order is not issued within such two-month period, it shall become effective as of the date two months subsequent to the date of the filing of such application or six months prior to the date of its issuance, whichever period is shorter.

The statute limits the retroactive effect of an increase or decrease of the maximum rent to a maximum of " six months

prior to the date of its issuance '' or '' as of the date two months subsequent to the date of the filing of such application ''. In no event may the statutory retroactivity exceed six months prior to the date of issuance of the order of the Local Rent Administrator. (See Report of State Commission to Study Rents and Rental Conditions submitted to the Legislature on March 20, 1957; N. Y. Legis. Doc., 1957, No. 22, p. 23.)

The date of issuance of the order of the Local Rent Administrator herein is April 28, 1958. Six months prior thereto would be October 28, 1957. However, the statute requires the shorter period of retroactivity resulting from the selection of the period two months subsequent to September 13, 1957, the date of filing of the intervenor's application for an increase in maximum rents, which would be November 13, 1957. No aspect of the facts herein sustains statutory retroactivity to November 2, 1957 as provided in the order of the State Rent Administrator issued June 29, 1959.

The State Residential Rent Law also provides, in part, as follows (§ 4, subd. 4, par. [d]): '' No landlord shall be entitled to any increase in the maximum rent *unless he certifies that he is maintaining all essential services furnished or required to be furnished as of the date of the issuance of the order adjusting the maximum rent* and that he will continue to maintain such services so long as the increase in such maximum rent continues in effect ''. (Emphasis supplied.)

The required certification imports the burden on the part of the intervenor to establish factually the maintenance of essential services as of the date of the issuance of the order adjusting the maximum rents. The intervenor maintains that the relevant date is June 29, 1959, the date of the order of the State Rent Administrator determining its protest; whereas the petitioners assert it is April 28, 1958, the date of the order of the Local Rent Administrator herein. It has been demonstrated that the order determining the protest speaks as of April 28, 1958, the date of the order of the Local Rent Administrator. It would be incongruous for the Legislature not to require ascertainment of the maintenance of essential services on the date of the order of the Local Rent Administrator as of which date the maximum rent is ordinarily effective.

In a case such as this it would be possible for an applicant for an increase in maximum rent to obtain relief in a protest proceeding terminating more than one year thereafter, effective, minimally, as of the date of the order of the Local Rent Administrator denying such relief, even though at the time of the issu-

ance of the order of the Local Rent Administrator and during the intervening period there had been a substantial deficiency in essential services.

The legislative intent to look to the date of issuance of the order of the Local Rent Administrator as the appropriate time as of which the maintenance of essential services is to be ascertained is manifest from the report of the State Commission to Study Rents and Rental Conditions (N. Y. Legis. Doc., 1957, No. 22, p. 23) which states: "Another technical amendment will serve to clarify the date of issuance by a local rent administrator as the determinative date when the landlord must be found to be maintaining essential services."

We conclude, therefore, that the intervenor was required to establish maintenance of essential services at the time of the hearing before the Local Rent Administrator in order to qualify for relief in respect of the increase in maximum rent. The fact that no findings in regard to the maintenance of essential services were made by the Local Rent Administrator does not dispense with the necessity for compliance with the statute and requires that the omission be supplied as of the date of the determination of the Local Rent Administrator, as is the case in respect of the omission to determine the maximum rents.

It is to be observed that the maintenance of essential services is not only a requisite for any relief but is also relevant on the extent of the statutory retroactivity. Although the maximum period thereof is six months prior to the date of the order of the Local Rent Administrator, it is in the discretion of the State Rent Administrator to "deny retroactivity in a case where services were seriously deficient". (*Matter of Ackerman* v. *Weaver, 6 N Y 2d 283, 287.*)

It appears that on May 11, 1959 the intervenor rectified the admitted deficiency in doorman service. This necessitated additional services and the cost thereof in the sum of $6,100 was projected and included in the operating expenses in arriving at the net annual rent. In this proceeding based on a deficiency in net annual return for the test year antedating the application filed September, 1957, and concerned with the determination of maximum rent as of the date of the Local Rent Administrator's order, operating expenses incurred more than one year after said order are not within the scope of relevant operating expenses.

We have examined the other assignments of error and have found them to be without merit.

The final order herein should be reversed, on the law and on the facts, without costs, the order of the State Rent Adminis-

trator annulled and the matter remanded to the State Rent Administrator for reconsideration and proceedings not inconsistent herewith.

M. M. FRANK, J. P., VALENTE, STEVENS and BERGAN, JJ., concur.

Order unanimously reversed, on the law and on the facts, without costs, the order of the State Rent Administrator annulled and the matter remanded to the State Rent Administrator for reconsideration and proceedings not inconsistent with the opinion of this court.